UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA B. TURNER and WILLIAM E. SMITH,<br><br>    Plaintiffs,<br><br>v.<br><br>PRISONER TRANSPORT SERVICE OF AM., et al.,<br><br>    Defendants. | Case No. 3:17-cv-01260<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Newbern |

To:    The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

**REPORT AND RECOMMENDATION**

    The Court's referral order in this pro se prisoner action authorizes the Magistrate Judge to recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B) and to conduct further proceedings if necessary under Federal Rule of Civil Procedure Rule 72(b) and the Court's Local Rules. (Doc. No. 11.) As explained below, Plaintiff William E. Smith has failed to respond to an order to show cause issued January 10, 2019. (Doc. No. 43.) Accordingly, it appears that Smith has abandoned his claims. The Magistrate Judge therefore RECOMMENDS that Smith's claims be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) and Local Rule 41.01(b).

**I.    Factual and Procedural Background**

    On September 13, 2017, Smith and his co-plaintiff Joshua B. Turner filed this action pro se under 42 U.S.C. § 1983. (Doc. No. 1.) Smith and Turner allege that ten different corporate and individual defendants violated their civil rights while transporting them from North Carolina to

several other states. (*Id.*) Both Smith and Turner signed the complaint. (*Id.* at PageID# 18.) Both Smith and Turner filed applications to proceed *in forma pauperis*. (Doc. Nos. 2, 6.)

On March 28, 2018, the Court conducted an initial screening of Plaintiffs' complaint in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915A, allowing their claims regarding conditions of confinement and failure to provide medical treatment to proceed against all defendants but dismissing their claims based on any defendant's failure to respond to grievances. (Doc. No. 10, PageID# 76–77.) The Court also granted Plaintiffs' applications to proceed *in forma pauperis*, warning each plaintiff "that his prosecution of this action will be jeopardized if he should fail to keep the Clerk's Office informed of his current address." (Doc No. 11, PageID# 81.)

On April 9, 2018, the Court received notice from the Chillicothe Correction Institution in Chillicothe, Ohio that Smith had been paroled on December 8, 2017. (Doc. No. 13.) Smith has not notified the Court of his new address; consequently, several mailings to Smith from the Clerk's Office have been returned as undeliverable. (Doc. Nos. 14, 16, 22, 28, 42.) On January 10, 2019, the Court ordered Smith to show cause by January 24, 2019, why he should not be dismissed from this case for failure to prosecute his claims and for failure to keep the Court informed of his current address. (Doc. No. 43.) The Court warned Smith that failure to respond to the order to show cause might result in a recommendation of dismissal. (*Id.*)

Smith has not responded to the Court's show cause order. (Doc. No. 43). The Court must therefore determine whether dismissal of Smith's claims is appropriate under Federal Rule of Civil Procedure 41(b) and Local Rule 41.01(b).

2

Case 3:17-cv-01260   Document 44   Filed 02/12/19   Page 2 of 7 PageID #: 165

## II.     Legal Standard

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious

3

conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)).

This Court's Local Rules provide that a pro se party "must keep the Court and opposing parties apprised of the pro se party's current address and other contact information," and explain that a pro se party's failure "to timely notify the Court and opposing parties of any change in address may result in dismissal of the action with or without prejudice." M.D. Tenn. R. 41.01(b) (dismissal for failure of pro se plaintiff to keep court apprised of current address). Where, as here, noncompliance with a local rule is a ground for dismissal, "the behavior of the noncomplying party [must] rise[] to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

**III.     Analysis**

Dismissal of this action is appropriate under Rule 41(b). The four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of undue delay by Smith.

**A.     Fault**

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*,

4

261 F.3d at 591)). Smith actively pursued this litigation before his parole. (*See* Doc. Nos. 1, 6, 8.) His failure to keep the Court apprised of his current address or otherwise participate in this litigation after his release therefore appears to be of his own making. "Even where there is no clear evidence of bad faith, failure to respond to a show cause order is indicative of willfulness and fault." *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Estes v. Smith*, No. 2:15-cv-95, 2018 WL 2308780, at *1 (E.D. Tenn. May 21, 2018) (attributing pro se prisoner plaintiff's failure to return service packets or respond to show cause order "to his own willfulness or fault"). This factor therefore supports dismissal.

### B. Prejudice

"A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Discovery has not yet begun in this action, and Turner continues to actively pursue his claims. Any prejudice to Defendants resulting from Smith's failure to prosecute is minimal and does not clearly support dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at

615). Here, the Court expressly warned Smith that failure to respond to the show cause order could result in a recommendation that his claims be dismissed. (Doc. No. 43, PageID# 163.) The Court also previously warned Smith that failure to keep the Clerk's Office informed of his current address would jeopardize his prosecution of this action. (Doc No. 11, PageID# 81.) This factor therefore supports dismissal. *Schafer*, 529 F.3d at 740; *see also Wright*, 2013 WL 1729105, at *3 (granting motion to dismiss for failure to prosecute where court's orders to show cause warned plaintiff "that her conduct could result in dismissal").

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal" (quoting *Harmon*, 110 F.3d at 367)).

### IV. Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) and Local Rule 41.01(b).

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v.*

6
Case 3:17-cv-01260   Document 44   Filed 02/12/19   Page 6 of 7 PageID #: 169

*Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

    Entered this 12th day of February, 2019.

                                                                 ALISTAIR E. NEWBERN
                                                                 United States Magistrate Judge