# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA B. TURNER and <br> WILLIAM E. SMITH, <br>     Plaintiffs, <br> v. <br> PRISONER TRANSPORT SERVICE <br> OF AM, ET AL., <br>     Defendants. | NO. 3:17-cv-01260 <br> CHIEF JUDGE CRENSHAW |

## ORDER

In this *pro se* prisoner litigation, Plaintiffs Turner and Smith allege that Defendants violated their civil rights while transporting them from North Carolina to several other states. Before the Court is a Report and Recommendation from the Magistrate Judge concluding that Plaintiff Smith should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) and Local Rule 41.01(b). No objection has been filed.

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 736 (6th Cir. 2008) (citing Knoll v. AT&T, 176 F.3d 359, 362–63 (6th Cir. 1999)); see also Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); Carpenter v. City of Flint, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute."). Courts look to four factors for guidance when determining whether dismissal under

Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. Knoll, 176 F.3d at 363 (citing Stough v. Mayville Cmty. Sch., 138 F.3d 612, 615 (6th Cir. 1998)). However, "a case is properly dismissed by the district court where there is a clear record of delay or contumaciotus conduct." Id. (citing Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir. 1980)); see also Muncy v. G.C.R., Inc., 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'") (quoting Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 591 (6th Cir. 2001)). Where noncompliance with a local rule is a ground for dismissal, "the behavior of the noncomplying party [must] rise[] to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick & GMC Trucks, Inc., 173 F.3d 988, 992 (6th Cir. 1999).

Under this rubric, the Court concurs with the Magistrate Judge's analysis. The Local Rules of the Middle District of Tennessee provide that a *pro se* party "must keep the Court and opposing parties apprised of the pro se party's current address and other contact information," and explain that a *pro se* party's failure "to timely notify the Court and opposing parties of any change in address may result in dismissal of the action with or without prejudice." Local Rule 41.01(b). In keeping with this rule, when the Court granted Plaintiffs' applications to proceed *in forma pauperis*, it warned each of them that "prosecution of this action will be jeopardized if he should fail to keep the Clerk's Office informed of his current address." (Doc No. 11.) On April 9, 2018, the Court received notice from the Chillicothe Correction Institution in Chillicothe, Ohio that Smith had been paroled on *December 8, 2017*. (Doc. No. 13.) Smith has *never* notified the Court

of his new address; as a result, multiple mailings to Smith from the Clerk's Office in 2018 and 2019 have been returned as undeliverable (including the Report and Recommendation). (Doc. Nos. 14, 16, 22, 28, 42, 45, 46.) On January 10, 2019, the Magistrate Judge ordered Smith to show cause by January 24, 2019, why he should not be dismissed from this case for failure to prosecute his claims and for failure to keep the Court informed of his current address. (Doc. No. 43.) The Magistrate Judge warned Smith that failure to respond to the order to show cause might result in a recommendation of dismissal. (Id.) Smith did not respond to the Court's show cause order. As the Magistrate Judge correctly explained, Smith's behavior (1) is contumacious and demonstrates willfulness and fault; and (2) has occurred despite prior notice of potential dismissal. In short, Smith has demonstrated no interest in updating his contact information such that he may participate in this litigation and pursue his claims. Time is advancing, and this case must progress such that the other litigants are not prejudiced. The Court therefore agrees that dismissal of Smith is appropriate. The Court further agrees with the Magistrate Judge that, given the public policy interest in the disposition of cases on the merits, the lesser sanction of dismissal without prejudice is appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears *pro se*.

Accordingly, the Report and Recommendation (Doc. No. 44) is **APPROVED AND ADOPTED**. Plaintiff Smith's claims are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41.01(b). This case will proceed on Plaintiff's Turner's claims. It is returned to the Magistrate Judge for further case management.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE